UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANITA   ANDREWS   and   KEITH
O'BRYANT,

        Plaintiffs,

v.                     Case No: 2:14-cv-269-FtM-29CM

MIKE SCOTT, as Sheriff of
Lee County Sheriff's Office,
in his official capacity,
DEPUTY   OFFICE   BRANDON
MARSHALL, individually and
in his official capacity,
SERGEANT ROBERT KIZZIRE,
individually   and   in   his
official capacity, UNKNOWN
LAW ENFORCEMENT OFFICERS, as
unnamed   Law   Enforcement
Personnel   of   Lee   County
Sheriff's   Office   in   their
official capacities, and LEE
COUNTY SHERIFF'S OFFICE,

        Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Defendants',
Mike Scott, Deputy Officer Brandon Marshall, Sergeant Robert
Kizzire, and Lee County Sheriff's Office's Motion to Dismiss and
Motion to Strike Plaintiffs' Complaint (Doc. #6) filed on July 16,
2014.  Plaintiff filed a Response (Doc. #17) on August 12, 2014.
For the reasons set forth below, the motion is granted in part and

denied in part, and Plaintiffs will be required to file an Amended Complaint.

## I.

Plaintiffs Anita Andrews (Andrews) and Keith O'Bryant (O'Bryant) have filed an eleven-count Complaint (Doc. #1) against Lee County Sheriff Mike Scott (Scott or Sheriff), Deputy Officer Brandon Marshall (Marshall), Sergeant Robert Kizzire (Kizzire), the Lee County Sheriff's Office (LCSO), and unnamed LCSO officers, concerning Plaintiffs' detention and subsequent arrest and confinement following a traffic stop. After adjusting for hyperbole, the basic underlying facts, as set forth in the Complaint, are as follows:

At approximately 1:00 AM on November 7, 2012 O'Bryant and Andrews were pulled over by LCSO Officer Marshall for driving a truck with a broken headlight. (Id. at ¶ 15.) O'Bryant, who was driving, complied with Marshall's request that he provide his license and identification. (Id. at ¶ 18.) Andrews, a passenger, refused to identify herself. (Id. at 24.) At Marshall's request, additional LCSO officers, including Kizzire, arrived and questioned O'Bryant and Andrews, despite the fact that Marshall acknowledged that he did not suspect that a crime had been committed. (Id. at ¶ 28.) Following questioning, Kizzire forcibly removed Andrews from O'Bryant's truck, handcuffed her, and placed her in a police vehicle. (Id. at ¶ 30.) Subsequently, O'Bryant

was placed in the back of the police vehicle with Andrews and both Plaintiffs were transported to the police station.   In transit, Marshall told Plaintiffs that they were being arrested for loitering and prowling because LCSO officers were taught to use that charge when they cannot tell if a crime has been committed but needed a legal justification to arrest someone.   (Id. at ¶ 43.)

Once at the police station, Andrews advised various LCSO officers that she suffered from a condition known as "thick blood," which required continuous hydration and warm temperatures. Andrews explained that without access to water and an aspirin she could lose consciousness.   (Id. at ¶ 51.)   Andrews's requests for medical attention were ignored, which resulted in Andrews repeatedly losing consciousness, falling to the ground, and hitting her head on the floor.   (Id. at ¶¶ 52-76.)   After spending the night in jail, Andrews was transported to Lee County Mental Health Hospital based on allegedly false reports from LCSO officers concerning her mental state.   (Id. at ¶ 77.)   Andrews was evaluated by a psychiatrist at the hospital who released her that evening. (Id. at ¶¶ 78-81.)

Ultimately, all charges against Plaintiffs were dropped. (Id. at ¶¶ 89-91.)   According to Plaintiffs, the LCSO officers did not have arguable probable cause to arrest them.   Instead, Plaintiffs allege that they were detained, arrested and confined

on the trumped-up charge of loitering and prowling in order to punish Andrews for refusing to identify herself.  Based on these allegations, Plaintiffs bring multiple claims for deprivation of their constitutional rights in violation of 42 U.S.C. § 1983 (Section 1983) (Counts I-VI, IX), as well as causes of action for conspiracy (Count VII); negligence (Count VIII); assault and battery (Count X); and intentional infliction of emotional distress (IIED) (Count XI).

Defendants now move to dismiss and/or strike portions of the Complaint, arguing (1) that the claims against unnamed LCSO officers must be dismissed because fictitious-party pleading is not permitted; (2) that the claims against LCSO officers in their official capacities are duplicative of the official-capacity claims against Scott and the LCSO; (3) that the LCSO must be dismissed as a defendant because it is not a legal entity capable of being sued; (4) that Plaintiffs' request for punitive damages against Scott must be dismissed because he is immune from such damages when sued in his official capacity; (5) that Counts I and II are duplicative claims for violations of Plaintiffs' Fourth Amendment right to be free from unreasonable searches and seizures; (6) that Andrews' claim for inadequate medical care must be dismissed because, as a pre-trial detainee, she cannot bring such a claim pursuant to the Eighth Amendment; (7) that Count VI must be dismissed because there is no independent cause of action for

an unconstitutional custom, policy, or practice; (8) that Count VII must be dismissed because it is barred by the intracorporate conspiracy doctrine; (9) that Count VIII must be dismissed because law enforcement officers acting in their official capacities cannot be held liable for negligence; and (10) that Count XI must be dismissed because Plaintiffs have not alleged conduct rising to the level of outrageousness necessary to state an IIED claim. Plaintiffs concede that Count VI is subject to dismissal but otherwise argue that each remaining count is adequately pled.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

Additionally, under Fed. R. Civ. P. 12(f), "the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts disfavor motions to strike and deny them unless the allegations have "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).

**III.**

**A.   Claims Against Unnamed LCSO Officers**

Counts II and VI-XI allege causes of action against unnamed LCSO officers in their official capacities (case caption) or in their individual and official capacities (Count II caption). Defendants allege that these causes of action should be dismissed because fictitious-party pleading is not permitted.

Suits against officers in their official capacities, whether named or unnamed, "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985).  Where the entity may be sued, there is no need to allow an official-capacity action. Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991). Here, both the Sheriff in his official capacity and the LCSO have been named as defendants.  Therefore, the actions against the unnamed officers in their official capacities are clearly redundant and will be dismissed without prejudice.

As to the unnamed officers in their personal capacity, the rule is that "[a]s a general matter, fictitious-party pleading is not permitted in federal court."  Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010).  Suing unnamed officers serves no purpose in this case, and therefore the claims against the unnamed officers in their individual capacities will be dismissed without prejudice.

**B.   Claims Against Marshall and Kizzire in Their Official Capacities**

Defendants argue that the Section 1983 causes of action against Marshall and Kizzire in their official capacities should be dismissed as duplicative of the claims against their employers, Scott and the LCSO.   For the reasons stated above, the Court agrees.   Therefore, to the extent they allege Section 1983 claims against these LCSO officers in their official capacities, Counts I-V are dismissed without prejudice as to Marshall and Kizzire.

**C.   Claims Against The Sheriff's Office**

Counts I, III-VI, VIII, and XI bring claims against the LCSO. Defendants argue that the LCSO should be dismissed as a defendant because it is not a legal entity capable of being sued.   Instead, Defendants assert that the claims against the Sheriff in his official capacity are sufficient.

"Sheriff's departments and police departments are not usually considered legal entities subject to suit." <u>Dean v. Barber</u>, 951 F.2d 1210, 1214 (11th Cir. 1992).   Since an official-capacity suit required notice to the entity, a question remained as to whether the LCSO was the appropriate entity.   In 1999 the Eleventh Circuit noted that it had not decided "whether the relevant entity in an official-capacity suit against a sheriff in Florida is the County or the Sheriff's Department (as a unit operating autonomously from the County)."   <u>Brown v. Neumann</u>, 188 F.3d 1289, 1290 (11th Cir.

1999). More recent Eleventh Circuit case law suggests that Lee County, not the Sheriff's Office, is the correct governmental entity in this case. See Cook v. Sheriff of Monroe County, 402 F.3d 1092, 1115 (11th Cir. 2005) ("When, as here, the defendant is the county sheriff, the suit is effectively an action against the governmental entity he represents—in this case, Monroe County."); Adcock v. Baca, 157 F. App'x 118, 119 (11th Cir. 2005) ("When, as here, the defendant in a § 1983 civil rights action is the county sheriff, the suit is effectively an action against the governmental entity he represents-in this case, Polk County."). Recognizing this line of cases, Plaintiffs note that "should this Court find that the correct governmental party defendant was Lee County, then the Plaintiffs seek leave to amend to drop LCSO and add Lee County." The Court concludes that Lee County is the correct governmental party and, therefore, grants Defendants' motion to dismiss and Plaintiffs leave to file an Amended Complaint.

**D. Claim for Punitive Damages Against Scott**

Plaintiffs seek punitive damages for each count in the Complaint. Defendants argue that such relief is not available against Scott because governmental officials acting in their official capacities are immune from punitive damages. While Plaintiffs are correct that punitive damages are available against government officials found *personally* liable for conduct "motivated by evil intent or involv[ing] callous or reckless

9

indifference to federally protected rights," <u>H.C. v. Jarrard</u>, 786 F.2d 1080, 1089 (11th Cir. 1986), the law is clear that punitive damages are not available against government officials sued in their official capacities, <u>Colvin v. McDougall</u>, 62 F.3d 1316, 1319 (11th Cir. 1995) (sheriff sued in his official capacity is immune from punitive damages).  As Scott is sued in his official capacity only, Plaintiffs' demands for punitive damages against Scott are stricken.

**E.    Counts   I   and   II   -   False   Arrest   and   Unreasonable Seizure/Illegal Detention**

Defendants argue that Count II should be stricken as duplicative of Count I.  Count I alleges that Plaintiffs were falsely arrested in violation of their constitutional right to be free of any unreasonable seizures.  Count II alleges that Plaintiffs were improperly detained, arrested, and imprisoned in violation of their rights under the Fourth Amendment to be free from unreasonable searches and seizures.

The Court concludes that Counts I and II are at best confusing and must be amended to add needed clarity to the causes of action which Plaintiffs assert.  While Plaintiffs do not allege the traffic stop violated their constitutional rights, they seem to allege a cause or causes of action stemming from the undue length of the traffic stop, their arrest at the scene, and their resulting imprisonment.  The Court finds that although there may be valid

Fourth Amendment (and/or First Amendment) causes of action arising from the events alleged, the counts need to be clearer as to what conduct is alleged to violate what constitutional right.  While multiple claims can be asserted in a single count, the Court finds that doing so in this case causes more confusion than necessary. The Court will dismiss Counts I and II, but grant Plaintiffs leave to amend.

**F.   Count III – Failure to Provide Medical Care/Cruel and Unusual Punishment**

Count III alleges a violation of Andrews's constitutional right to be free from cruel and unusual punishment while she was incarcerated following her arrest.  Specifically, Andrews argues that Defendants were deliberately indifferent to her medical needs, which caused her to suffer various injuries while in custody.  According to Andrews, Defendants' conduct violated the Eighth Amendment's prohibition of cruel and unusual treatment of prisoners.

Defendants argue that Count III must be dismissed because the Eighth Amendment applies only to detention following a conviction. While Defendants are correct that "[i]n the case of a pre-trial detainee . . . the Eighth Amendment prohibitions against cruel and unusual punishment do not apply," Cook, 402 F.3d at 1115, "[t]he Eighth Amendment's prohibition on conditions of confinement that amount to cruel and unusual punishment also applies to pre-trial

detainees through the Fourteenth Amendment's due process clause."
<u>Bennett v. Chitwood</u>, 519 F. App'x 569, 573 (11th Cir. 2013).
Accordingly, Count III will be dismissed without prejudice in light
of an anticipated Amended Complaint correcting the constitutional
basis for the claim.

**G.   Count VI – Custom, Policy, or Practice of Denying Constitutional Rights**

Count VI alleges that Scott and the LCSO have a custom,
policy, and practice of inadequately training LCSO officers such
that their arrests routinely deprive individuals of their
constitutional rights.   Defendants argue that Count VI must be
dismissed because, while an unconstitutional policy or practice is
an element of certain Section 1983 claims, such a policy does not
create an independent cause of action.   Plaintiffs concede the
point and agree to drop Count VI, acknowledging "that there is no
independent cause of action of an unconstitutional custom, policy
or practice."   (Doc. #17, p. 21.)   Accordingly, Count VI is
dismissed.

**H.   Count VII – Conspiracy to Deny Constitutional Rights**

In Count VII, Andrews alleges that Marshall, Kizzire, and
other unnamed LCSO officers, acting in their official capacities,
conspired to deny Andrews her constitutional rights via an unlawful
arrest and detention.   Defendants argue that this claim is barred
by the intracorporate conspiracy doctrine.

Under the intracorporate conspiracy doctrine, "a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves. The doctrine applies to public entities such as the City and its personnel." Denney v. City of Albany, 247 F.3d 1172, 1190 (11th Cir. 2001) (internal quotation marks and citations omitted) (intercorporate conspiracy doctrine barred a claim that two city employees acting in their official capacities conspired to deprive plaintiffs of their civil rights). However, the Eleventh Circuit has recognized an exception to the intracorporate conspiracy doctrine in civil rights cases when the alleged conduct violates the federal criminal code. Grider v. City of Auburn, 618 F.3d 1240, 1263 (11th Cir. 2010). Here, the only conspirators identified by Andrews are employed by the LCSO, the acts are alleged to have been within the scope of their employment, and Andrews does not allege that the conspirators committed any criminal conduct. Accordingly, Count VII is dismissed without prejudice.

## I.   Count VIII – Negligence

Count VIII alleges negligence causes of action against the LCSO, Scott, Kizzire, Marshall, and unnamed LCSO officers solely in their official capacities. Defendants argue that these causes of action must be dismissed as to Kizzire, Marshall, and the unnamed LCSO officers because state employees acting in their

official capacities are not liable for injuries or damages suffered as a result of negligence.  The Court need not address Defendants' argument because, for the reasons set forth above, all causes of action against the unnamed LCSO officers are dismissed.  Likewise, the causes of action against Kizzire, and Marshall in their official capacities are dismissed as duplicative of the cause of action against the LCSO.  Accordingly, Plaintiffs' sole remaining negligence cause of action is against the LCSO, which Defendants have not moved to dismiss.

**J.   Count XI – Intentional Infliction of Emotional Distress**

Andrews brings IIED causes of action against Scott in his official capacity and against Marshall, Kizzire, and unnamed LCSO officers individually and in their official capacities. Defendants argue that the IIED causes of action should be dismissed because the conduct alleged by Andrews does not rise to the level of outrageousness required to prevail on her claim.  Plaintiffs respond that Count XI is adequately pled.

Under Florida law, to prevail on an IIED claim, a plaintiff must prove "(1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct, i.e., behavior that goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community; (3) the conduct caused the emotional distress; and (4) the distress was severe." Rubio v. Lopez, 445 F. App'x 170, 175 (11th Cir. 2011).  "Whether

the conduct is outrageous enough to rise to the level required by the tort may be decided as a question of law when the facts of a case can under no conceivable interpretation support the tort . . . ." Williams v. City of Minneola, 575 So. 2d 683, 692 (Fla. 5th DCA 1991); see also McIntyre v. Sheriff, Seminole Cnty. Sheriff's Office, No. 13-CV-251, 2014 WL 5419996, at *9 (M.D. Fla. Oct. 23, 2014); Moore v. Eslinger, No. 13-CV-224, 2013 WL 1786642, at *5 (M.D. Fla. Apr. 26, 2013). "Florida courts use a very high standard in evaluating whether the facts alleged are sufficiently outrageous, requiring that the conduct be beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Frias v. Demings, 823 F. Supp. 2d 1279, 1288 (M.D. Fla. 2011) (quoting Metro. Life Ins. Co. v. McCarson, 467 So.2d 277, 278-279 (Fla. 1985).

For the reasons set forth above, the causes of action against Marshall and Kizzire in their official capacities are dismissed as duplicative of the official capacity cause of action against Scott. Likewise, as set forth above, all causes of action against the unnamed LCSO officers are dismissed. Additionally, the IIED cause of action against Scott in his official capacity, which, as set forth above, is a cause of action against the LCSO/Lee County, is dismissed because "[a] government entity cannot be liable for the willful and wanton actions of its employees." Tillman v. Orange County, 519 F. App'x 632, 636 (11th Cir. 2013) (dismissing IIED

claim against sheriff's office premised upon alleged misconduct by its officers).

Therefore, all that remains are Andrew's IIED claims against Marshall and Kizzire in their individual capacities.  Given the anticipated Amended Complaint, the Court need not decide at his time whether Marshall's and Kizzire's alleged misconduct rises to the level of outrageousness necessary to state a claim for intentional infliction of emotional distress.  Accordingly, Defendants' motion is granted as to all IIED causes of action with the exception of the claims against Marshall and Kizzire in their individual capacities.

Accordingly, it is now

**ORDERED:**

1.   Defendants' Motion to Dismiss and Motion to Strike Plaintiffs' Complaint (Doc. #6) is **GRANTED IN PART and DENIED IN PART.**

2.   All causes of action against unnamed Lee County Sheriff's Office officers in their individual capacities are **DISMISSED without prejudice.**

3.   All causes of action against Deputy Officer Brandon Marshall, Sergeant Robert Kizzire, and unnamed Lee County Sheriff's Office officers in their official capacities are **DISMISSED without prejudice** as duplicative of the causes of action against the Lee County Sheriff's Office.

4.    All causes of action against the Lee County Sheriff's Office are **DISMISSED without prejudice** and Plaintiffs are granted leave to substitute Lee County as a Defendant.

5.    All demands for punitive damages against Lee County Sheriff Mike Scott are **STRICKEN**.

6.    Counts I-III and VI-VII are **DISMISSED without prejudice**.

7.    Count XI is **DISMISSED without prejudice** with the exception of the causes of action against Deputy Officer Brandon Marshall and Sergeant Robert Kizzire in their individual capacities.

8.    The motion is otherwise **DENIED**.

9.    Plaintiffs are granted leave to file an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this   18th   day of November, 2014.

_John E Steele_
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE


Copies: Counsel of record